# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| MARISOL GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>RENTGROW, INC.,<br><br>Defendant, | Civil Action No:_____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff MARISOL GONZALEZ ("Plaintiff") by and through her attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant RENTGROW, INC., ("Rentgrow" or "Defendant"), and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3).

4. Venue is also proper because Defendant Rentgrow states in their user Terms of Use that any claim brought against Defendant shall occur in the State or Federal Courts of Dallas County,

Texas. See **Exhibit "A",** a true and correct copy of Defendant's Terms of Use.

## PARTIES AND SERVICE

**Plaintiff Marisol Gonzalez**

5. Plaintiff is a resident of Lenawee County, Michigan.

6. At all times material hereto, Plaintiff is a "Consumer," as defined by 15 U.S.C. § 1681a(c).

**Defendant RentGrow, Inc.**

7. Defendant Rentgrow is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f). Defendant may be served with process upon PRENTICE-HALL CORPORATION SYSTEM, its registered agent for service of process, at 800 Brazos Street, Austin, Texas 78701.

8. At all times material hereto, Defendant is a Consumer Reporting Agency who regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports to third parties as said term is defined under 15 U.S.C. § 1681d.

9. Among other things, Defendant sells consumer background checks to property managers of dwellings and apartments for the use of deciding whether to offer tenancy to prospective tenants or to take adverse action such as rejection of consumer applications for housing. These reports are provided in connection with a business transaction initiated by the property manager.

## FACTUAL ALLEGATIONS

10. On October 19, 2009, Plaintiff was arrested and charged with a misdemeanor count of driving while intoxicated in Bexar County, Texas (the "Arrest").

11. On January 22, 2015, the Arrest was disposed.

12. Shortly before October 16, 2023, Plaintiff applied for tenancy at Bell Estate Apartments

III in Dundee, Michigan (the "Apartment").

13. Plaintiff's tenancy at the Apartment was contingent on Plaintiff passing a background check conducted by Defendant RentGrow.

14. On October 16, 2023, the Apartment requested a background check on Plaintiff from Defendant Rentgrow.

15. On October 17, Defendant Rentgrow published a background check consumer report on Plaintiff (the "Report"). See **Exhibit "B"**, a true and correct copy of the Report published by Defendant.

16. In their Report, Defendant Rentgrow published the Arrest as a charge that occurred on October 19, 2009, and was disposed on January 22, 2015 ("Charge One").

17. In their Report, Defendant Rentgrow erroneously published that Charge One was a felony charge instead of correctly publishing it as a misdemeanor.

18. In their Report, Defendant Rentgrow erroneously double reported Charge One a second time by reporting another felony charge for driving while intoxicated in Bexar County, Texas, that occurred on October 19, 2009, and was disposed on January 22, 2015 ("Charge Two").

19. In their report, Defendant Rentgrow erroneously triple reported Charge One a third time by reporting another felony charge for driving while intoxicated in Bexar County, Texas, that occurred on October 19, 2009 and was disposed on January 22, 2015 ("Charge Three").

20. Defendant Rentgrow erroneously published the single Arrest as three different felony charges in its Report instead correctly reporting the single Arrest as a misdemeanor and only reporting it once.

21. In their report, Defendant Rentgrow falsely and erroneously published that Plaintiff had been arrested and charged with felony intoxicated assault in the third degree on October 19, 2009

("Charge Four").

22. However, Plaintiff has never been arrested and charged with felony intoxicated assault in the third degree.

23. In their report, Defendant Rentgrow erroneously reported Charge Four a second time by reporting another third-degree felony charge for intoxicated assault that occurred on October 19, 2009.

24. In their report, Defendant Rentgrow erroneously reported Charge Four and Charge Five despite them belonging to a separate individual other than Plaintiff,

25. On October 17, 2023, Plaintiff disputed the false and erroneous content of the Report with Defendant Rentgrow, specifically: the erroneous felony status instead of misdemeanor status on Charge One; the duplicate reporting of Charge One as Charges Two and Three; and the false and erroneous reporting of Charges Three and Four. In her dispute, Plaintiff included descriptions of the errors, and copies of her driver's license and the court records from Bexar County demonstrating that Charge One was a misdemeanor and Charges Two, Three, Four, and Five were falsely and erroneously reported on Plaintiff's background check consumer report.

26. On October 17, 2023, the Apartment denied Plaintiff's application for tenancy, citing the criminal history reported on Plaintiff's background check consumer report exclusively as reason for the denial. See **Exhibit "C"**, a true and correct copy of the adverse action letter Plaintiff received from the Apartment.

27. Defendant Rentgrow's false and erroneous reporting of Plaintiff's criminal history on Plaintiff's background check consumer report is objectively likely to mislead intended users of Plaintiff's background check consumer report and has already done so.

28. Because of the erroneous information published by Defendant Rentgrow on Plaintiff's

background check consumer report, Plaintiff continues to suffer a range of actual damages including, without limitation, fear of loss of housing opportunities; actual loss of housing opportunities; loss of time and money trying to correct his background check report; damage to her reputation; loss of sleep; lasting psychological damages; loss of capacity for enjoyment of life; and emotional distress including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

29. Therefore, Defendant Rentgrow violated several provisions of the FCRA when they either willfully or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the Report and failed to notify Plaintiff of potentially adverse information contained in the Report.

## FIRST CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 USC § 1681e(b) as to Defendant Rentgrow

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

31. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et. seq*.

32. Defendant Rentgrow violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the background check consumer report that Defendant Sterling maintained concerning Plaintiff.

33. Defendant Rentgrow has negligently failed to comply with the FCRA. The failure of Sterling to comply with the FCRA includes but is not necessarily limited to the following:

    a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b. The failure to promptly and adequately investigate information which

        Sterling had notice was inaccurate;

   c. The continual placement of inaccurate information into the background check consumer report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

   d. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Sterling to delete;

   e. The failure to take adequate steps to verify information Sterling had reason to believe was inaccurate before including it in the background check consumer report of the consumer.

34. As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to establish to the prospective property owner/manager that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective property owner/manager; damage to her reputation; loss of sleep lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including fear, frustration, humiliation, and embarrassment.

35. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions, an inaction were negligent, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover reasonable costs and attorney's fees from Sterling in an amount to be determined by the Court pursuant to 15 U.S.C. § 168lo.

**SECOND CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Willful violation of 15 USC § 1681e(b) as to Defendant Rentgrow**

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

38. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et. seq.*

39. Defendant Rentgrow violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the background check consumer report that Defendant Rentgrow maintained concerning Plaintiff.

40. Defendant Rentgrow has willfully failed to comply with the FCRA. The failure of Sterling to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to promptly and adequately investigate information which Sterling had notice was inaccurate;

   c. The continual placement of inaccurate information into the background check consumer report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

   d. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Sterling to delete;

   e. The failure to take adequate steps to verify information Sterling had reason to believe was inaccurate before including it in the background check consumer report of the consumer.

41. As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of housing opportunities; loss of time and money trying to establish to the prospective property owner/manager that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective property owner/manager; damage to her reputation; loss of sleep lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including fear, frustration, humiliation, and embarrassment.

42. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions, an inaction were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

43. Plaintiff is entitled to recover reasonable costs and attorney's fees from Sterling in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln.

## **DEMAND FOR A TRIAL BY JURY**

44. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o from Defendant RentGrow;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n from Defendant RentGrow;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n from Defendant RentGrow;

4. Awarding Plaintiff any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

DATED: November 6, 2023                                    Respectfully Submitted,

**JAFFER & ASSOCIATES PLLC**

*/s/ Shawn Jaffer*
**Shawn Jaffer**
State Bar No. 24107817
5757 Alpha Road, Suite 580,
Dallas, Texas, 75240
Phone: (214) 945-0000
Fax:    (888) 509- 3910
E-mail: ndtx@jaffer.law
***Attorneys for Plaintiff***